## HAWES *vs.* BRYAN.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

The wife may at any time demand administration of her paraphernal property and the restitution of the objects forming that property.

A receipt of the wife under private signature, that she has received her paraphernal effects from her husband, given when a suit for a divorce was pending between them, will not operate against third persons, or creditors, when there is no proof of its execution.

This is an action to recover a paraphernal right of the defendant's wife in his hands, as evidenced by his receipt for the sum of five hundred and sixty-six dollars and thirty-nine cents, received from her mother's estate.

The plaintiff alleges he purchased this right at sheriff's sale, under two executions against Elizabeth Hawes, wife of the defendant, which were levied on this in the hands of William Bryan, her husband, who acknowledged he had received this sum, as per her receipt dated the 24th March, 1830, and annexed to the petition. It is as follows:

"Baton Rouge, March 24th, 1830.

"On final settlement with William Hawes, attorney in fact for the heirs of the late Sarah Hawes, deceased, I

acknowledge to have received the sum of four hundred and
eighty-five dollars and twenty-one cents, in cash, and thirty-
five dollars in a receipt from M. Chambers, for a saddle
furnished E. Hawes; also forty-six dollars and eighteen
cents, on account of the Florida claim, which several sums
amount to my full share of said estate."

" ELIZABETH HAWES,"
" By WILLIAM BRYAN."

The defendant pleaded a general denial, and that he was
not indebted to his wife for her paraphernal effects at the
time the plaintiff purchased, having paid her as evidenced
by her receipt, dated the 14th of May, 1834. He further
avers, that if he ever was indebted, as alleged, (which he
denies) to his wife, he is not bound to pay the same until a
dissolution of the marriage, or separation of property. That
the wife could not enforce this claim until then, and the
plaintiff can have no greater right than she had.

The following is the receipt annexed to the answer :

" East Baton Rouge, May 14th, 1834.

" Received of William Bryan, five hundred and two dollars
and thirty-seven cents, in cash and on account of moneys he
has paid for me (viz : thirty-five dollars to William Hawes,
for one saddle ; eighteen dollars to William Hawes, for D.
Hawes; and eleven dollars and some cents, making in all
the full amount of my paraphernal property, and one bed
and furniture.)"

"ELIZABETH BRYAN."

In January, 1834, Mrs. Bryan instituted suit against the
defendant, her husband, for a separation of bed and board,
and for a divorce. This suit was discontinued, by her order,
on the third of June following, and judgment for costs was
rendered against her, for one hundred and sixteen dollars
and twenty cents, in favor of her husband, on which
execution issued.

18

The plaintiff produced in evidence the record and judgments against Mrs. Bryan, together with the sheriff's deed of sale, of her paraphernal effects, under and in pursuance of them, and purchase by the plaintiff.

The district judge, to whom the cause was submitted, was of opinion that the receipt of the husband for the wife's paraphernal effects, could only be evidence for her of her claim against her husband, but she could sustain no action on it, unless under the circumstances mentioned in article 2399 and 2400 of the *Louisiana Code*, and that the plaintiff had no greater rights. That by the article 2407 of the *Louisiana Code*, the creditors of the wife cannot, without her consent, obtain a separation of property between her and her husband, except in cases of failure.

Judgment was rendered for the defendant and the plaintiff appealed.

*Elam,* for the plaintiff.

*Conrad,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

Several judgments having been recovered against Elizabeth Hawes, the wife of the appellee, an execution was levied on certain paraphernal rights of the wife in the hands of her husband, as evidenced by her receipt for $ 566 39, on account of her mother's estate; and the appellant, William Hawes, became the purchaser at sheriff's sale. The present suit is instituted against the husband, to compel payment to the purchaser of the amount specified in the receipt.

The defence set up, is, in substance, that the wife herself could not recover, during the existence of the marriage, without a decree for the separation of property, and that the plaintiff can have no greater right. He further pleads payment to his wife, as evidenced by her receipt, bearing date in May, 1834.

The District Court dismissed the suit, on the ground that the wife herself · could not recover the amount of her

paraphernal rights without obtaining a separation of property, or showing the existence of some of the circumstances mentioned in articles 2399 and 2400 of the Louisiana Code. Those articles of the Code point out the cases in which a wife is entitled to a general separation of property on account of the disorder of the husband's affairs and the dangers of her dotal rights. But this court held in the case of *Gilbeau* vs. *Cormier*, 8 *Martin*, *N. S.*, 231, that the wife may at any time demand the administration of her paraphernal property, and the restitution of the objects forming that property. This right is given by article 2368, of the Louisiana Code.

The evidence under the plea of payment consists of a receipt purporting to be signed by the wife under private signature, at a time when a suit was yet pending between them for a separation from bed and board, and for a divorce for the alleged adultery of the husband. There is no other evidence of payment, nor is the real date of the receipt shown. Being under private signature, it has no certain date as to third persons; and being produced under such circumstances, we think it ought not to operate against the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed; and proceeding to give such judgment, as, in our opinion, ought to have been rendered below, it is further adjudged, that the plaintiff recover of the defendant five hundred and sixty-six dollars and thirty-nine cents, with legal interest from judicial demand, and costs in both courts.

*Margin notes:*

EASTERN DIST.
June, 1836.

HAWES
vs.
BRYAN.

The wife may, at any time, demand the administration of her paraphernal property, and the restitution of the objects forming that property.

A receipt of the wife, under private signature, that she has received her paraphernal effects from her husband, given when a suit for a divorce was pending between them, will not operate against third persons or creditors, when there is no proof of its execution.