## DICKERMAN et al *v.* REAGAN.

The separate property of a married woman is liable for debts contracted during marriage for her individual use, or for the improvement of her separate property, or for marriage charges which she is bound by law to bear, though the debt was created while her paraphernal property was under the administration of her husband, and during the existence of the community of acquêts and gains. Art. 2372 of the Civil Code, which declares that debts contracted during marriage must be acquitted out of the community property, applies to the parties alone, regulating their rights, as between themselves, on the settlement of the community.

The authorisation of the husband is not required to acts of the wife, necessary in the administration of her paraphernal property.

APPEAL from the District Court of Concordia, *Curry*, J.

*T. P. Farrar*, for the appellants.

*Frost*, for the defendant, contended that the debt sued for was one of the community, for which the wife was not liable, citing 7 Mart. 465. 7 Ib. N. S. 64. 8 Ib. N. S. 692. 9 La. 583. 10 La. 147. 3 Rob. 329. 4 Rob. 115, 511. 7 Rob. 257. 12 Rob. 583. The husband was the usufructuary, and, as such, bound for the expenses of the property. C. C. 572.

The judgment of the court was pronounced by

KING, J. This is an action to render a wife liable for articles of merchandise, alleged to have been furnished for the use of herself, her family and plantation, during the existence of her marriage. The defence opposed to the demand is, that the property of the defendant is all paraphernal; that it was under the administration and control of the husband, between whom and herself there existed a community of acquêts and gains, at the time that the account was contracted; and that the debt is due by the community, and not by the defendant. There was a judgment against the plaintiffs in the court below, from which they have appealed.

The plaintiffs' account is fully proved, and appears to have been contracted, with the exception of articles amounting to $14 20, for clothing for the defendant, her family and slaves, for supplies of various kinds for the use of her plantation, and for merchandise purchased by persons who had rendered services on her plantation, whose accounts were assumed, and whose demands were thus extinguished

Dickerman
*v.*
Reagan.

partially or in full. Some time before the commencement of this suit, the account was presented to the defendant, who admitted it to be correct, and promised to pay it. The plantation and slaves were her separate paraphernal property, to the administration of which she was entitled by law; and, if at any time, she committed the administration to her husband, she could have resumed it at will. The husband appears to have had no pecuniary means. Some of the witnesses state that he had the exclusive control of the defendant's property; others, that he managed her affairs as her agent. Whatever may have been the character of his authority, the defendant could not, by surrendering to him either the partial or entire administration, exonerate herself from liability for debts incurred for her individual use, or for the purpose of rendering her separate property productive, or in supporting those marriage charges which she is bound by law to bear. It is true, that debts contracted during the marriage enter into the community of gains, and must be acquitted out of the common fund. C. C. art. 2372. But this provision applies to the partners alone, and regulates their rights between themselves, upon a settlement of the community at its dissolution. It has no application to creditors, and does not deprive them of their recourse against the wife, during the marriage, for debts contracted for her separate advantage, and for which she is individually liable.

It is objected that the acknowledgment of the wife that the account was correct, and her promise to pay it, were made without the authorisation of her husband. The authority of the husband was not requisite to give validity to the acts of the wife, necessary in the administration of her paraphernal property.

By the statute of the State of Mississippi, in evidence, where the debt was contracted, the plaintiffs are entitled to six per cent interest. The testimony leaves it somewhat uncertain at what time the account became due. The defendant's acknowledgment of its correctness was made in 1844, and we adopt the middle of that year as the date when interest commenced to run.

It is therefore ordered that the judgment of the District Court be reversed, and that there be judgment for the plaintiffs against the defendant *Nancy Reagan*, for six hundred and ninety-three dollars and thirty-eight cents, with six per cent interest thereon, from the first day of July, 1844, until paid; the defendant paying the costs of both courts.