## ROBERT PATTERSON & Co. *v.* M. A. FRAZER & WIFE.

A married woman cannot, by surrendering to her husband the partial or entire administration of her paraphernal property, exonerate herself from liability for debts incurred for her individual use, or for the purpose of rendering that property productive.

A minor, who is a married woman is not incapacitated by article 374 of the Code from incurring debt beyond the amount of one year's revenue, for her individual use, or for the benefit of her paraphernal property.

APPEAL from the District Court, Parish of St Mary, *Voorhies,* J.   *T. H. Lewis,* for plaintiffs.   *Gibbon,* for defendants and appellants.

### OPINION AND DECREE OF THE DISTRICT COURT.

The defendant, *Nancy Frazer,* is sued by the plaintiffs for the recovery of advances which they have made to her for the purchase of building materials, and for provisions and supplies for the use of her plantation.

The evidence satisfactorily establishes all the items of the amount sued upon, except $10 charged as commission for the endorsement of *Hollander's* note,

$1 54 for postage, and $2000 charged as cash advanced. This charge is evidenced by the receipt of *M. A. Frazer,* the husband. It is not shown that it has inured to the benefit of the defendant.

The plea of minority cannot avail the defendant for the advance of money to purchase building materials employed and used on her plantation, and for supplies and provisions furnished the same.

The plea of prescription may apply to the privilege claimed, but cannot affect the plaintiffs' rights of action to recover the amount due them, independent of the exercise of such privilege.

It is therefore ordered, adjudged and decreed, that the plaintiffs recover of the defendant the sum of seven thousand two hundred and ninety-nine dollars and thirty-one cents, with legal interest from judicial demand, and the cost of this suit to be taxed.

By THE COURT*—(SLIDELL, J., dissenting.) Judgment affirmed for the reasons given by the District Court.

SLIDELL, J., dissenting. My opinion is that the wife ought not, under the circumstances, to be held bound at all, even to the extent to which her paraphernal estate has been improved with the money of the defendants, in erecting the sugar house and permanent improvements. My reason is, that in all the business out of which the claim sued for arises, the plaintiffs, as I understand the evidence, dealt with Messrs. *Hollander & Frazer* so long as *Hollander & Frazer* continued in partnership, and after *Hollander* withdrew, with Mr. *Frazer* and *Hollander* as his agent. The correspondence, purchases, shipments, &c., are with, for and to those parties. Mrs. *Frazer's* name does not appear, and the management of the estate and crops appears to have been entirely in the hands of the partnership, and afterwards of the husband. The credit appears to me to have been given to them, and the contracts were made with them.

A re-hearing having been granted, the judgment of the Court was pronounced by

DUNBAR, J. This cause comes before us on a re-hearing. After the most mature reflection, we are not able to see that we should change the opinion heretofore given as to the law of this case.

In *Dickerman et al.* v. *Reagan,* 2d Ann. 440, this Court decided that "the separate property of a married woman is liable for debts contracted during marriage for her individual use, or for the improvement of her separate property, or for marriage charges, which she is bound by law to bear, though the debt was created while her paraphernal property was under the administration of her husband, and during the existence of the community of acquets and gains." A married woman cannot, by surrendering to her husband the partial or entire administration of her paraphernal property, exonerate herself from liability for debts incurred for her individual use, or for the purpose of rendering that property productive. In *Dailey et al.* v. *Pierson & Wife,* 5 Ann. 125, this Court held the same doctrine. We still adhere to these opinions.

But it is contended that the defendant, being a minor, could not bind herself legally by promise or obligation for any sum exceeding the amount of one year of her revenue. Civil Code, Art. 374. We do not think that this article applies to the species of indebtedness under consideration. The defendant, who is emancipated by marriage, has under the provisions of the preceding article, 373, the full administration of her paraphernal estate, *and may pass all acts*

---

* This Judgment seems to have been delivered in 1850—by what Judge it does not appear. Present: EUSTIS, C. J.; ROST, SLIDELL & PRESTON, Associate Justices. The judgment on the re-hearing was pronounced in 1852.

PATTERSON & CO. *which are confined to such administration.* However, the defendant has not
*v.*
FRAZER. made this objection in her answers. We think, at any rate, it should have been
specially pleaded.

We have found, on the further examination of this case, an error, which
should be corrected. We perceive that the defendant proved that the plaintiff
sold of her crop of sugar, sixty hogsheads, amounting to the sum of $2,978 98,
only $2,000 of which has been accounted for by plaintiffs, which was advanced
by them to the defendant's husband previous to their shipment. This will
leave $978 98 for which the defendant should have credit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the
District Court be avoided and reversed, and proceeding to give such judgment
as should have been given in that Court—it is further ordered, adjudged and
decreed, that the plaintiffs have judgment against the defendant for the sum of
six thousand three hundred and twenty dollars and thirty-three cents, with legal
interest from judicial demand, and that the costs of appeal be paid by plaintiffs.

SLIDELL, J., dissenting. The impressions I heretofore expressed, upon the
question of the wife's liability, under the peculiar circumstances of this case,
have not been removed by further investigation.