FLEITAS v. MELLEN et al.

(Circuit Court, E. D. Louisiana. June 12, 1889.)

1. HUSBAND AND WIFE—MORTGAGE BY HUSBAND TO WIFE—DISCHARGE IN BANK-RUPTCY.
   Under a marriage contract, the wife took a mortgage for money, being a part of her paraphernal estate, received by her husband at the time of marriage. The mortgage was recorded, and afterwards the husband was discharged as a bankrupt, but the wife had no connection with the bankruptcy proceedings. After his discharge the husband acquired the land in controversy, which he mortgaged to defendant. Afterwards the wife obtained judgment of separation of property against the husband for the amount of her mortgage, and seized and sold the land, purchased it herself at the sheriff's sale, and sued to prevent defendant from enforcing his mortgage. *Held*, that the lien of the wife's mortgage, so far as it applied to the husband's after-acquired land, was acquitted by his discharge in bankruptcy.

2. BANKRUPTCY—WHO MAY PLEAD DISCHARGE.
   In such case the bankrupt's discharge might properly be urged by the defendant.

In Equity. On bill for injunction.

*J. R. Beckwith*, for complainant.

*T. J. Semmes*, for defendants.

BILLINGS, J. This is a case presenting the question whether a debt which the husband owed to the wife for a portion of her paraphernal estate, received by him at the time of marriage, was, so far as relates to a lien upon his after-acquired real estate, acquitted by a discharge in bankruptcy. On the 6th day of February, 1868, the complainant, then Mary Corinne Warren, was married to Francis B. Fleitas. The marriage and residence of the parties to the marriage were within this state. There was a marriage contract, by which, as well as by the law of Louisiana, the wife had a mortgage upon the husband's property for the sum of $20,000 of her money received by him at the time of the marriage. Subsequently, September 20, 1870, when the constitution of the state had abolished tacit mortgages, this mortgage was duly recorded in the parish where the property in dispute in this case is situated. Some time in the year 1877 the husband, Francis B. Fleitas, was discharged as a bankrupt. It does not appear that the complainant, by any act of hers, connected herself with the proceedings in the bankruptcy of her husband. Subsequently to the discharge, the husband, Fleitas, acquired the two plantations, which are the subject-matter of this suit. In 1884 he executed a mortgage upon them known as the Richardson mortgage, to which the complainant is not a party. In 1887, September 10th, the complainant obtained a judgment of separation of property against her husband, Francis B. Fleitas, for this amount $20,000 of the wife's paraphernal property, with a declared privilege, and seized and sold the property, the two plantations in dispute, purchased them herself at the sheriff's sale, and now files this, her bill, to prevent the defendants from enforcing the Richardson mortgage against the property so purchased by her. Thus is the question pre-

sented, whether the husband's discharge in bankruptcy included and operated upon the wife's debt, so far as relates to any lien upon after-acquired land.

An attempt was made on the part of the respondents to show that there had been an erasure of the wife's mortgage. But no authority was shown for the erasure from any court of competent jurisdiction, nor was there any proof that the complainant had been a party to any such proceeding, and therefore the sole question is as to the effect of the discharge.

It is urged by the complainant that it is not competent for any one, save the bankrupt, to plead his discharge. The right to plead the discharge, so far as relates to a mere judgment establishing indebtedness, is undoubtedly in the bankrupt alone. As is urged in the brief filed by the complainant's solicitors, this plea is, in this respect, like that of infancy and the statute of frauds. The reason is that, though the discharge of a debtor extinguishes the legal obligation for payment, the moral obligation to pay still rests upon the debtor, and no one can elect for him to disregard that obligation. This has relation solely to the right of a creditor to recover a personal judgment for a debt against a discharged bankrupt. But the claim of the complainant, when viewed as based solely upon a personal judgment between the complainant and her husband, is altogether ineffectual against the Richardson mortgage; for the judgment was rendered September 10, 1887, and' the Richardson mortgage was recorded January 28, 1884. To enable the complainant to recover against those who assert the Richardson mortgage, she must maintain and establish that her lien springing out of her mortgage was unaffected by the discharge in bankruptcy of the husband, survived it, and settled down upon the property in dispute as soon as it was acquired by him, and before the execution of the Richardson mortgage. The question, then, here presented by the defendant's pleadings, is not whether he can urge the discharge, so far as relates to the personal judgment, 'but so far as it relates to property upon which the debt, if discharged, could thereafter impress no privilege.

The plea presents the discharge only as affecting the lien. This plea can be urged by any one claiming an interest in the thing adverse to the asserted lien, and is properly presented by the respondents.

The question then is, at the time when Richardson took and recorded the special mortgage upon the two plantations were they subject to the lien of the wife for her paraphernal estate springing out of the $20,000 advanced under the marriage contract? It is urged that this debt and the individual lien were extinguished by the discharge in bankruptcy of the husband. The argument has been urged with great force, both orally and by brief, that the establishment of the lien of the wife growing out of the marriage contract, and under the laws which regulate the rights of the spouses *inter sese*, is in the nature of a provision of the law for the support and maintenance of a married woman, and is to be viewed, as is her right to dower in the common-law states, as incapable to be affected by the bankrupt law. But if the law of Louisiana left the wife, upon the delivery of her marriage portion to her husband, with a debt,

which, though existing from husband to wife, was, in its nature, a debt enforceable as, and recognized as having the qualities of, an ordinary debt, then the debt could be extinguished by the husband's discharge in bankruptcy, and with the debt would fall the lien upon the husband's property, which could not be continued or revived by any judgment between husband and wife to the displacement of the rights of a mortgagee under a mortgage already existing. It is not an easy question to solve, but I think the decisions of our supreme court have gone far towards settling it adversely to the claims of the wife in this case. In *Alling* v. *Egan*, 11 Rob. (La.) 244, a wife had a separation of property, a judgment, and execution against her husband partly satisfied, when the husband was discharged in bankruptcy. It was held that the balance of the debt due by the husband to his wife was extinguished by his discharge; that any property acquired by the husband afterwards was free from any claim on her part. It is urged in this case there had been no separation of property, and that the wife was not capacitated to consent to the discharge of the husband. But the wife may resume at any time the administration of her paraphernal property. Rev. Civil Code, art. 2387, (old art. 2364,) and art. 2391, (old art. 2368.) Nor is the authorization of the husband necessary in the administration of her paraphernal property. *Dickerman* v. *Reagan*, 2 La. Ann. 440. In case of insolvency, she can at will recover judgment against her husband, and enforce payment of any debt of the nature of the debt involved in this case. She is under our law fully capacitated to administer her paraphernal estate, and is qualified to do all that is necessary for that purpose. Hence she might have proved her debt. In *Hawes* v. *Bryan*, 10 La. 136, there was a debt due a wife from her husband arising from the receipt by him of money belonging to her paraphernal estate. This debt had been seized and sold under an execution upon a judgment against her. There had been no separation of property. The court held that the debt was subject to seizure, and that the creditor, who had bought it at the sheriff's sale, obtained a valid title to it. This case seems to dispose of the argument that there is any quality impressed upon such a debt, by reason of its existing in favor of a wife against a husband, which would prevent its extinguishment by any cause which would extinguish any other debt; for if it is so independent of the marital relations that it may be made to pass from her, and be acquired by her creditors by suit and seizure, it is difficult to see why it is not, for the same reason, capable of being destroyed by the discharge. This decision would seem to so characterize the rights of the wife in such a debt that to hold that it was extinguished by the discharge of the husband would neither give nor take away any quality, but would simply classify it among the provable debts according to the qualities which our jurisprudence has declared it possesses; and, like the case of *Porter* v. *Lozear*, cited from 109 U. S. 84, 3 Sup. Ct. Rep. 58, would neither destroy nor impair any rights of married women which are vested by the laws of the respective states. Great force is added to. this view from the fact that, unless it should be held that a wife's debt of such a character as

is the one here submitted to the court was provable against her husband in bankruptcy, an estate ample to pay her, and without any outranking privilege, and against a husband who might thereafter acquire nothing, might be administered in bankruptcy, and distributed to her exclusion. It would seem that the congress must have intended such a debt should be provable. If the debt is provable, it is extinguished by the discharge. 14 St. U. S. pp. 525, 533, §§ 19, 34. My conclusion is that a decree must be entered that the bill be dismissed at the complainant's cost.