No. 2193

Second Circuit

---

DICKINSON MOTORS CO. v. SULLIVAN

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Marriage—Par. 172, 173, 186, 249.**

The community property is liable for work done on an automobile belonging to the community at the instance of the

wife with the full knowledge of the husband of her transaction to which he made no objection.

**2. Louisiana Digest—Marriage—Par. 204.**

After the dissolution of the community, debts contracted by the wife cannot bind the community property.

**3. Louisiana Digest—Marriage—Par. 177**

Work done on an automobile which was the separate property of the wife cannot be charged against the community property.

Appeal from the City Court of Shreveport, Louisiana. Hon. David B. Samuels, Judge.

Action by Dickinson Motors Company, Inc., against Mrs. J. J. Sullivan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Crain, Jackson & Johnston, of Shreveport, attorneys for plaintiff, appellee.

Wallace, Lyons & Peters, of Shreveport, attorneys for defendant, appellant.

WEBB, J. In this action the plaintiff, Dickinson Motors Company, Inc., a corporation which is engaged in the automobile business, proceeded by attachment to enforce an alleged indebtedness due by defendant, Mrs. J. J. Sullivan, an absentee, for repairs, accessories, etc., made and furnished defendant, and she appeals from a judgment rendered against her for the amount claimed and sustaining the attachment.

In the trial court defendant excepted that the petition failed to state a cause of action, and also moved to dissolve the attachment, and the exception and motion being overruled, she answered, denying any indebtedness and alleging that if any amount was due plaintiff for repairs it was due by her husband, G. W. Moody, to whom plaintiff was married when the repairs, etc., were made or furnished.

Defendant does not press either the exception or motion to dissolve in this court but relies solely upon the defense set up in her answer.

The evidence shows that the defendant, Mrs. J. J. Sullivan, was formerly the wife of G. W. Moody and that they had their matrimonial domicile in the state during the time in which the indebtedness was incurred; that Mrs. Moody was the owner of a Packard in her own right, and that during the time of her marriage to G. W. Moody and residence in this state she purchased a Cadillac car, and the bills presented relate to repairs, etc., presumably made and furnished for both the Packard and the Cadillac cars.

The evidence does not show with any degree of certainty whether the repairs, etc., were at the instance of Mrs. Moody or her husband, G. W. Moody, but it appears that Mrs. Moody usually used the Packard car while her husband used the Cadillac car, and that during the course of the dealings between plaintiff and Mr. and Mrs. Moody, which had extended over a considerable period, that each of the latter parties had brought both of the cars to plaintiff's place of business for repairs, etc., and that the bills were usually paid by Mrs. Moody.

The specific account sued upon is for one hundred and thirty-nine and 95-100 dollars, of which amount one hundred and twenty-five and 95-100 dollars was for

repairs, etc., on the Packard car, while the balance of fourteen dollars was for work, etc., on the Cadillac car, or services, accessories, etc., which is not shown to have been for either of the cars.

The evidence does not show what the financial circumstances of G. W. Moody or Mrs. Moody are, but it appears that soon after the account sued upon was made, Mr. and Mrs. Moody were divorced, and at the time of the present action Mrs. Moody was the wife of J. J. Sullivan, with whom she resided in the State of California.

The amount involved is small and the parties have not cited many authorities in support of their contentions but have rather considered the matter from general principles, and we shall discuss the question presented from a like point of view, and in thus considering the question we will first consider the claim for work, etc., on the Cadillac car, and for other charges which do not affirmatively appear to have been for repairs, etc., on the Cadillac car.

From the statements of the evidence we think it clearly appears that the Cadillac car belonged to the community, and that the repairs, etc., on that car were for the benefit of the community, and that the husband, G. W. Moody, being the head and master of the community, was alone liable for the work, etc., on the Cadillac car, as well as for all other work, etc., (whether at his instance or of Mrs. Moody, it appearing he had full knowledge of her transactions and made no objection thereto),

which may have been for the benefit of the community or were an incident of his obligation to support his wife, and in default of evidence to the contrary we presume that the work, etc., whether at the instance of the husband or wife inured to the benefit of the community, or were an incident to the affairs of the community and his obligations to his wife, and we thus eliminate the charges for those matters which amounted to fourteen dollars, for which the wife was under the law as of the date of the account prohibited from binding herself to pay.

Passing to the balance of the claim, amounting to one hundred and twenty-five and 95-100 dollars, which was for work, etc., on the Packard car, which was the separate property of Mrs. Moody, we are of the opinion that the law did not prohibit her from binding herself to pay for the repairs, etc., on the Packard car, which was her separate property; (Dickinson, et al., vs. Reagan, 2 La. Ann. 440; Daily vs. Pierson, 5 La. Ann. 125; Patterson vs. Frazier, 8 La. Ann. 512; Succn. Penny, 14 La. Ann. 194); and that the course of her dealing with the plaintiff shows that she did so bind herself and that plaintiff looked to her for payment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reduce the amount allowed plaintiff to one hundred and twenty-five and 95-100 dollars, and, as thus amended, it is affirmed, plaintiff to pay the costs of the appeal.