GODCHAUX & MAYER, LTD., v. RICHARDSON

(May 27, 1929. Opinion and Decree.)
(June 4, 1929. Rehearing Refused.)
(October 8, 1929. Writ of Certiorari and Review Denied by Supreme Court.)

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellee.

E. E. Talbot and F. Rivers Richardson, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, alleging its corporate existence, sues for premiums claimed to be due on insurance policies on a certain automobile. A large number of exceptions were filed, but we do not deem it necessary to discuss any of them except that one through which the corporate existence of plaintiff is challenged; in other words, the exception of "nul tiel corporation."

After the overruling of this and the other exceptions, defendant filed answer. Payment is resisted on the ground that defendant is a married woman, and therefore cannot be held for a community debt. She also contends that the policies in question had been presented to her husband by the president of plaintiff corporation as a gift and as a token of appreciation for certain favors.

As to the question of the corporate existence of plaintiff, we find the record in several places contains statements which show a full recognition by defendant of the corporate status of plaintiff. For instance, in articles 7, 8 and 9 of her answer, defendant refers to plaintiff as a corporation, and in the testimony of her husband we find that he refers to the late Mr. Godchaux as the president of the company. Defendant's husband is a lawyer of recognized ability, and he is charged with knowledge of the meaning of his testimony:

"I· knew that Mr. Godchaux was the president of Godchaux & Mayer Company."

We think that, in view of the state of the record on this point, defendant's exception, "nul tiel corporation," should not be sustained.

As to the defense that a wife cannot ·be sued for a community debt, we find many admissions to the effect that the automobile in question was owned by the wife and not by the community. For instance, in article 3 of the petition it is charged:

"That the said Mrs. Iona D. Richardson, on October 19, 1923, was an owner of a 1919 model Marmon touring car, motor No. 718168."

The truth of this allegation is admitted by defendant. There also appears in the testimony of defendant's husband the following:

"Mr. Godchaux at that time inquired of me if I did not have a Marmon car. I said my wife had."

It is manifest, then, that the car in question was the property of the wife and not of the community. Therefore the wife is liable for debts contracted for the benefit thereof, because, since the passage of Act No. 219 of 1920, a married woman may be bound with reference to her separate and paraphernal property and may sue and be sued.

The last defense is based on the contention that the policies had been donated by the president of plaintiff company to defendant's husband. It is quite well settled that an officer of a corporation may not give away property of the corporation, particularly in a case like the one before us, where the favors which defendant's husband claims he performed were personal to the officer of the corporation. The principal favor which, it is alleged, was performed in this case, was the lending of money to the president of the corporation. Surely this was a personal favor and, even assuming that under some circumstances a corporation's property may be given away, it certainly cannot be so given away in exchange for personal favors rendered an officer.

It is true that defendant's husband claims that he also did favors for the corporation in that he directed business to it; in other words, that in exchange for insurance business which he sent or directed to plaintiff company he was given his own insurance without cost. We cannot believe that this is what he really intended, because surely, being a lawyer, he must realize that such a practice would be directly violative of section 3590 of the Revised Statutes, found on page 1236 of Marr's Annotated Revised Statutes of Louisiana.

Judgment was rendered in favor of plaintiff as prayed for, and we believe that this judgment was correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.