The plaintiff, Mrs. Carol Conner Haas, brought this suit against the defendant, Joseph N. Hayes, claiming the sum of $500.00 for personal injuries and $141.60 for property damage, alleged to be due as a result of an intersectional collision between her 1936 Oldsmobile Sedan and defendant's 1937 1/2-ton Ford Pick-up Truck.
Defendant filed an exception of no right of action which was overruled. He then answered denying that he was in any way at fault and averring that the accident was due solely to the negligence of plaintiff in failing to afford him the right of way since *Page 52 
he had preempted the intersection and in failing to maintain a proper lookout.
There was judgment below in plaintiff's favor in the sum of $291.60 and defendant has appealed.
The accident occurred in a drizzling rain on April 1st, 1947, shortly after 5:00 P.M. at the intersection of N. Carrollton Avenue and Bienville Street, this City. Both streets have dual lanes divided by a neutral ground, and N. Carrollton Avenue is designated as a "through street." Plaintiff was driving in Carrollton Avenue, away from City Park, towards Bienville Street and slightly to the right of the center thereof. The defendant was driving in Bienville Street, close to the left curbing, away from the river, towards Carrollton Avenue. He came to a stop and then proceeded to traverse the neutral ground section of Carrollton Avenue. The collision occurred in the downtown lake corner of this intersection.
Plaintiff contends that she was driving about twenty miles per hour at the time of the accident and that defendant was driving about thirty miles per hour. Defendant, on the other hand, states that he was driving about five to eight miles per hour, and that plaintiff had come to a stop at the intersection, then suddenly set her car in motion, to a speed of ten or twelve miles per hour, at which time the accident occurred. Plaintiff denies that she came to a stop at this intersection.
The left front of the plaintiff's car was damaged in the amount of $141.60. Defendant's truck sustained damage to the right rear portion of the front fender, running board and door post. He reconvened for damages in the sum of $7.50 However, he has, an appeal, abandoned this plea.
[1] The defendant admits that plaintiff's automobile was her separate property and it was damaged to the extent of $141.60, but contends that she has no right of action for the property damage she suffered by virtue of the accident, because she is a married woman and that this suit should have been filed jointly with her husband. This contention is untenable. It is obvious, both from the allegations contained in the petition and from the evidence adduced on the trial of this case, that the Oldsmobile car in question was the separate and paraphernal property of the wife and not of the community. Therefore, the wife is liable for debts contracted for the benefit of her separate property because, since the passage of Act No. 219 of 1920, as amended by Act No. 132 of 1926, a married woman may bind herself with reference to her separate property and may sue and be sued. Godchaux Mayer, Ltd. v. Richardson, 11 La. App. 199, 123 So. 178; Dickinson Motors Co. v. Sullivan, 6 La. App. 329; Dickerman, et al. v. Reagan, 2 La. Ann. 440; Dailey v. Pierson, 5 La. Ann. 125; Patterson v. Frazer, 8 La. Ann. 512; Succession of Penny, 14 La. Ann. 194.
[2] Turning now to a consideration of the merits, it is the defendant's principal contention that since he had preempted the intersection the plaintiff should have afforded him the right of way to which he was entitled by this preemption. A careful study of the record, however, convinces us that defendant did not preempt the intersection, but that both vehicles entered at the same time, the plaintiff traveling at the rate of about twenty miles per hour and the defendant proceeding at the rate of about thirty miles per hour. Since neither car had preempted the intersection we must apply the provisions of Article V, Section 15(a) of the Traffic Ordinance of the City of New Orleans, No. 13,702 C.C.S., which reads in part as follows:
"When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right."
Since plaintiff was the driver on the right defendant should have yielded to her the right of way.
We are impressed by the fact that the defendant herein admitted, in the presence of one of plaintiff's witnesses, that he would like to make financial arrangements, through his boss, "To take care of the damages", which plaintiff had incurred to her car by virtue of this accident. This conversation occurred a very short time after *Page 53 
the accident, in the garage to which defendant had driven the plaintiff to arrange for the repairs to her car.
[3] The plaintiff suffered painful injuries to her arm, which necessitated the use of a sling for approximately two weeks, and painful contusions to her hip. We do not believe the award of $150.00, made by the lower court is excessive, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.