REGAN, Judge.
Plaintiff, Norwood N. Hingle,. Jr., brought this suit for damages in the amount of $165.00 to his 1939 Plymouth Sedan, caused by virtue of a collision with defendant’s 1941 Plymouth Sedan.
Defendant, Herbert Ahten, Sr., answered and denied that his minor son, the operator of his car was negligent and, in the alternative, pleaded contributory negligence on the part of plaintiff. He reconvened claiming damages to his car in 'the amount of $66.08. To the reconventional demand of defendant, plaintiff pleaded “lis pendens”.
From a judgment in favor of plaintiff sustaining his plea of lis pendens and awarding him damages in the sum of $165.00, defendant prosecutes this appeal.
At the inception of the trial in the court, a qua, plaintiff pleaded lis pendens in 'bar to defendant’s reconventional demand, based on the fact that defendant had filed a suit for damages to his car, against plaintiff’s insurer, which suit is entitled Herbert J. Ahten, Sr. v. Government Employees Insurance Company, No. 323,367 of the docket of the First City Court for the Parish of Orleans. In that case Ahten had filed a motion to consolidate, which was refused by the court. Both cases were allotted to the same section of the First City Court. In any event the plea of lis pendens was sustained by the trial judge and, as stated heretofore, judgment in the amount of $165.00 was rendered in favor of plaintiff.
Defendant contends that the trial judge erred in failing to allow the motion to consolidate, in sustaining the plea of lis pen-dens, thus depriving him of an opportunity to prove his reconventional demand, and in failing to apply the law to the facts of the case.
In McClung v. Delta Shipbuilding Co., La.App., 39 So.2d 754, 756, we said: “ * * * whenever the mechanics of our law or the technicalities involved therein work a hardship or, in the final analysis are so designed as to defeat the ultimate ends of justice then, in that event, ‘the mechanics or technicalities’ of the law should be abandoned in order that the ends of justice might, in every instance, be served.”
We are of the opinion that the trial judge erred in sustaining the plea of lis pendens on the theory that the recon- *552 ventional demand in this case and the suit of Ahten v. Government Employees Insurance Company, hereinabove referred to, were between the same parties; diametrically opposed to this conclusion is Act No. 55 of 1930 which provides that the “injured person * * * shall have a right of direct action against the insurer company within the terms, and limits of the policy”. It is apparent that no useful objective could be attained by remanding this case since the reconventional demand of the defendant is part of the record and we have evaluated it as though the trial judge had properly overruled the plea of lis pen-dens. In addition thereto the trial judge found that the defendant’s minor son was guilty of negligence, which negligence is imputed to defendant under the provisions of Art. 2318 of the Revised Civil Code and, if this finding of negligence is correct, it would bar recovery by defendant through the medium of his reconventional demand.
The record reflects that on October 14, 1946, at the hour of 5:00 p. m. plaintiff was driving his car up S. Claiborne Avenue in the direction of Jefferson Parish; that S. Claiborne Avenue is a wide thoroughfare having two driveways, one for ascending and one for descending traffic, separated by a neutral ground; that defendant’s minor son, Herbert A'hten, Jr., was driving in Dublin Street in the general direction of the New Basin Canal and had crossed the descending traffic lane of S. Claiborne Avenue and entered the neutral ground; that defendant’s car suddenly emerged from the neutral ground roadway into the path of plaintiff’s car; that plaintiff swerved his car to the right and applied his brakes in an attempt to avoid the impending collision, however, this effort was unsuccessful.
Plaintiff contends that the said accident and resulting damage to his automobile was caused solely by the negligence of the defendant’s son in the following particulars:
“(a) In driving and operating said automobile in a careless and negligent fashion.
“(b) In failing to come to a stop on the neutral ground at the intersection of Dublin Street and South Claiborne Av.
“(c) In failing to observe petitioner’s automobile approaching on South Claiborne Av. and in failing to give the right-of-way to petitioner’s said automobile.”
Defendant admitted that his son was a minor, but contended that he brought his car to a stop in the neutral ground roadway of Dublin Street, looked to his right and failing to observe any approaching traffic, proceeded to traverse the intersection. Defendant further contends that when the front end of his car was slightly beyond the center of the north or ascending lane of Claiborne Avenue, it was struck by plaintiff’s car.
We are of the opinion that the conclusion reached by the trial judge is correct. The evidence, as reflected by the record, abundantly preponderates in favor of plaintiff to the effect that the defendant’s son was negligent in not bringing his car to a stop before entering the intersection and in failing to observe that which he should have seen.
By virtue of the provisions of Article VI, Paragraph 8 of the Traffic Ordinance, No. 13,702 C.C.S., which ordinance was filed in evidence, S. Claiborne Avenue is designated as a through street and vehicles are required to stop before entering a through street. Article V, Paragraph 15(a) of the same ordinance provides that the vehicle on the left is required to yield the right-of-way to the vehicle on the right when both vehicles enter the intersection at the same time. Haas v. Hayes, La.App., 36 So.2d 51. Therefore, even if plaintiff had not been on the favored street, he would have been entitled to the right-of-way under the conditions which prevailed at the time of the accident. We are of the opinion that the plaintiff exercised due care under the circumstances and did all that was required of a prudent man to avoid the impending collision after he became aware of the imminent danger.
Plaintiff has adequately proven his-claim for damages in the amount of $165.00. The repair bill of Southside Body and Repair Works was admitted in evidence without objection and the amount *553 and reasonableness of the bill stands un-contradicted by the defendant.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.