McBRIDE, Judge.
This is a suit to recover damages aggregating $2,300.00 allegedly sustained by a Pontiac automobile when it ran into a 'GMC stake-body truck on the afternoon of August 6, 1962, while both vehicles were traveling westward (in a direction away from New Orleans) on U. S. Highway 61 in the Parish of St. Charles near the town ■of La Place. Said highway is the main traffic artery between New Orleans and Baton Rouge, which at the locus in quo, ■consists of two concrete roadways (each ■containing two lanes) separated by a neutral ground four or five feet wide, in which there are at intervals openings designed to ■provide passageway for vehicles turning from one roadway to the other. The accident occurred at one of such openings as the driver of the truck (Laurent) endeavored to maneuver the vehicle leftward into the opening for the purpose of making a U-turn into the opposite roadway. The Pontiac (owned by one of the plaintiffs and ■driven by his twenty-year-old son, Mike ■Cali), which had been following the truck, ran into the rear of its left side. The trial •court held both drivers guilty of negligence proximating the accident and dismissed the suit. Plaintiffs appealed from the judgment.
Several specific charges of negligence are levelled against the truck driver; in the alternative defendants charge Cali with contributory negligence, one count being that he drove his automobile into the truck when he should have seen it had stopped for the purpose of making a turn onto the opposite roadway.
Whereas plaintiffs’ demands are based on allegations of negligence, and defendants have interposed an alternative plea of contributory negligence which the trial court sustained, we deem it expedient, in these circumstances, to first consider such plea because if the facts show there was negligence on the part of Cali without which the accident could not have happened, it becomes entirely unnecessary to determine whether the truck driver was guilty of primary or concurrent negligence. See Guidroz v. Travelers Insurance Company, La.App., 99 So.2d 916.
Cali testified he was traveling in the outer lane (i. e., adjacent to and paralleling the shoulder of the roadway) and saw the truck about a mile ahead; the truck was in the middle of the roadway straddling the median stripe and, “ * * * so I went on the left to pass and I blew the horn and I proceeded to pull over. Well, in this time I slowed down. Then I slowed down and as he got over I noticed his brake lights. He got over in the right lane and I saw the brake lights on * * * I thought he was pulling off the road so I just stepped on the gas to pass and at that same instant he cut back and then I slammed on the horn and pressed the brake at the same time.” Cali was 100 feet to the rear of the truck when he accelerated from 45 to more than 65 miles per hour (in excess of the speed limit) and attempted to pass the truck via the neutral ground lane.
His honor below states in his reasons for judgment :
“This Court believes the testimony of plaintiff’s witness, except that what he claimed was a brake light could have well been a directional turn signal. However, believing his story does not justify his actions. Traveling at a speed that was in excess of the legal limit (he testified he was traveling 65 miles per hour, the trooper said he told him between 65 and 70 miles per hour, and he further stated that he stepped on the gas to pass the truck) he saw lights *705 on the truck indicating anything but normal travel up the road yet he took no precautions, nor did he attempt to slacken his speed. It appears that the application of Gaspard v. Le Maire, 245 La. 239, 158 So.2d 149, is proper here and the Court must find the drivers of both vehicles guilty of negligence, which negligence on part of each was the proximate cause of the accident.”
The Supreme Court, in the case cited by the trial judge, held that an overtaking driver who attempted to pass without slackening speed or noticing turn signals was guilty of contributory negligence.
That is the situation here. The occupants of the truck testified that the directional lights thereon were signalling that the truck would be turned to the left. The trial judge correctly concluded that in all probability Cali mistook the directional lights for the brake light, but at any rate “the lights on the truck indicated anything but normal travel up the road.” Cali, faced with a situation requiring caution to be exercised, instead of acting as a prudent person, accelerated his speed and continued forward irrespective of the dangerous potentialities existing.
Young Cali was returning to his home in which he lived with his father (one of the plaintiffs) after attending school in New Orleans. Since the young driver was a minor who resided with his father, it follows that the father is responsible for any loss resulting from his negligent acts. LSA-C.C. art. 2318. Therefore, being responsible for the results of the negligence of his son, the father and his insurer-subrogee are prevented from recovering from defendants for the damages sustained by the Cali car. Hingle v. Ahten, La.App., 43 So.2d 550; Epps v. Standard Supply & Hardware Co., La.App., 4 So.2d 790; Di Leo v. Du Montier, La.App., 195 So. 74.
Wé find no manifest error in the judgment appealed from, and it is affirmed.
Affirmed.