(85 South. 232)

No. 22762.

## PYE v. SOUTHWESTERN GAS & ELECTRIC CO.

(May 31, 1920.)

*(Syllabus by Editorial Staff.)*

Master and servant ⬳419—Cessation of compensation claimant's disability open to inquiry after final judgment.

The cessation of the disability for which compensation is to be paid under the Employers' Liability Act is open to inquiry, even after final judgment.

Appeal from First Judicial District Court, Parish of Caddo; J. R. Land, Judge.

Proceedings under the Employers' Liability Act (Act No. 20 of 1914) by Joe Pye to obtain compensation for personal injuries, opposed by the Southwestern Gas & Electric Company. There was an award of compensation, and the employer appeals. Motion by appellant that cause be remanded to receive proof to fix definitely the extent of the employé's incapacity. Motion granted.

Wilkinson & Lewis and E. W. & P. N. Browne, all of Shreveport, for appellant.

Barret & Files and J. B. Herold, all of Shreveport, for appellee.

PROVOSTY, J. The following motion filed in this court is self-explanatory, to wit:

"Now comes the Southwestern Gas & Electric Company, defendant-appellant in the above numbered and entitled cause, through undersigned counsel, and with respect shows:

"(1) That this case arose under the Employers' Liability Act; that judgment was rendered in favor of plaintiff and against your defendant for $1,200, based on the theory that plaintiff had suffered a permanent partial disability as a result of the injury complained of.

"(2) Appearer shows that plaintiff testified on the trial of this case that because of the injury he was unable to do any work (transcript, 32), and that he was figuring on going to the farm opposite Natchitoches with his people (transcript, 35), and that, unless some one helped him out, he would starve (transcript, 32), and that this testimony largely influenced the judgment, giving him the maximum for permanent partial disability, and that it was conceded by defendant that plaintiff was entitled to recover $58, and under the evidence submitted to the lower court and contained in the transcript of appeal said sum is the maximum amount of which plaintiff should recover.

"(3) Appearer further shows that since the trial of the said cause, and after the filing of the transcript in this court, it has been advised that plaintiff is now engaged in lucrative employment, and that the incapacity claimed by him has entirely disappeared; that plaintiff left Shreveport soon after the trial of this case, in which he testified he could do no work, and went to Chicago, where, on the 22d day of June, 1917, he secured work as a laborer for the Illinois Steel Works of South Chicago, Ill., where he was regularly employed as a laborer, receiving wages of $3.40 per day for the first 13 weeks, after which time his wages were steadily increased until he was receiving $5.10 per day on May 1, 1919, and in many instances working overtime, receiving as high as $7.10 per day, all of which is fully shown by the certified copy of the South Works pay roll record of the Illinois Steel Works Company, marked Exhibit A, and by photographic reproduction of plaintiff's employment card, marked Exhibit B, affidavit of Alex Wilson, marked Exhibit C; affidavit of Henry Hill, marked Exhibit D, affidavit of Samuel Helme, marked Exhibit E, and affidavit of Lewis B. Jacobs, marked Exhibit F, all of which are attached hereto and made part hereof; that it was impossible to obtain the evidence as shown by the attached documents for use in the trial, because said evidence was not then in existence.

"(4) That the evidence which your appearer desires to introduce will fix definitely the ex-

tent of the plaintiff's incapacity, thereby fixing the exact amount of compensation due:

"(5) Appearer shows that, in the event the court should not reverse the judgment herein on the evidence contained in the transcript, then and in that event said cause should be remanded to the lower court in order to receive such proof as to fix definitely the extent of plaintiff's incapacity as aforesaid."

The exhibits in question are annexed to the motion, and the prayer is that the case be remanded for taking the evidence in question. The cessation of the disability for which compensation is to be paid is open to inquiry even after final judgment. A fortiori is it so open before final judgment. Therefore, as the affidavit and the exhibits annexed to it appear to be in due form,

It is ordered that this case be remanded for the taking of the evidence referred to in the motion for remand filed in this court.