(90 South. 17)

No. 24233.

## BOURGEOIS v. UNION BRIDGE & CONSTRUCTION CO.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.).*

**Master and servant ⊂⊃412—Compensation case may be remanded for taking of further evidence.**

Where a servant secured a judgment against a master under the Workmen's Compensation Act for injuries resulting in total disability to do work, and affidavits showed that after judgment plaintiff procured and continued employment at higher wages than previous to the injury, the cause may be remanded for the taking of further evidence.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by Paul Bourgeois against the Union Bridge & Construction Company under the Workmen's Compensation Act, in which the trial court found for the plaintiff, and the defendant appeals. Remanded for taking of further testimony.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellant.

Wm. H. Byrnes, Jr., of New Orleans, for appellee.

PROVOSTY, J. This suit is under the Workmen's Compensation Act (Laws 1914, No. 20) for total disability to do any work whatever. The trial court found for plaintiff. Defendant has filed in this court affidavits showing that 20 days after the signing of the judgment herein, which judgment is predicated upon the total incapacity of the plaintiff to do any work whatever, and 22 days after plaintiff had so sworn on the trial of the case, plaintiff secured employment at higher wages than he was earning before his injury, and has since then been earning these higher wages. Defendant asks that, in the event this court does not reverse the judgment appealed from, the case be remanded to take the evidence contained in these affidavits, which evidence, defendant adds, could not, in the nature of things, have been produced before the filing of the appeal in this court, since it was not then in existence. As this evidence would have a large influence upon the question of whether the judgment should be reversed or not, we deem it best not to try the case piecemeal, but to remand it at once for the taking of said evidence. A precedent for this remand is found in the case of Pye v. South Western Gas & Electric Co., 147 La. 537, 85 South. 232.

It is ordered that this case be remanded for the purpose of affording the defendant an opportunity of introducing further evidence on the question of the total inability of the plaintiff to do any work whatever; all proceedings in the Supreme Court to be in the meantime stayed.