### REYNOLDS v. FORCUM–JAMES CO.
### No. 15079.

Court of Appeal of Louisiana. Orleans.
Jan. 21, 1935.

Finnorn & Todd and Robert B. Todd, all of New Orleans, for appellant.

John E. Fleury, of Gretna, for appellee.

WESTERFIELD, Judge.

This is a compensation suit. Plaintiff's counsel filed the following motion to remand in this court:

"On motion of Bennie Reynolds, plaintiff herein, and on suggesting to the court that plaintiff has filed in the District Court that rendered the judgment herein appealed from, a petition to review said judgment on the ground that the incapacity of the employee has been subsequently increased, a copy of said petition being annexed hereto and made part hereof as Exhibit Plaintiff A;

"And on further suggesting to the court that on the trial of this cause in the lower court, as the testimony already lodged in this court will reveal, the doctors who testified for plaintiff and defendant respectively were disagreed as to plaintiff's future prospect; that plaintiff's doctors testified that the skin on plaintiff's right leg would crack and ulcerate, due to the mass of scar tissue enveloping his whole lower leg and the consequent inability of the tissue to furnish the proper blood and nerve supply, whereas defendant's doctors denied that this would happen;

"And on further suggesting that the condition predicted by plaintiff's doctors has now developed, and there is presently on the external aspect of plaintiff's right ankle a huge ulcer measuring more than three inches long by one and one-half inches wide and extending deep into the tissue, and that said ulcer has been there for several months and is chronic, and alone is sufficient to render plaintiff per-. manently and totally disabled to do work of a reasonable character within the meaning of Act No. 20 of 1914, as amended;

"And on further suggesting that plaintiff has annexed to this motion the affidavits of two well known New Orleans physicians, as Exhibits Plaintiff B and C, certifying the foregoing facts to be true and stating that they can now give conclusive testimony in this cause based on objective symptoms which were not apparent at the time of the trial;

"And on further suggesting that this cause should be remanded in order to permit plaintiff to obtain such testimony, and also to permit a hearing on plaintiff's petition in the lower court to modify the judgment herein already granted, in order that this court may pass upon the whole matter at one time.
* * * *"

The motion to remand is opposed by defendant's counsel. Section 1 of Act No. 85 of 1926, which amends section 20 of Act No. 20 of 1914, and section 1 of Act No. 38 of 1918, provides: "That a judgment of compensation may be modified * * * at any time after six months after said judgment of compensation shall have been rendered by the Judge of the

trial Court it shall be reviewed by a Judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased. * * * "

It is plain that under this section either party may, after a lapse of six months, apply to the court which rendered the judgment in a compensation suit for a modification thereof either by increasing or diminishing the amount awarded. In this case the plaintiff has availed himself of this privilege. The question which we are called upon to determine is whether, in view of the fact that an application was pending for a review of the judgment before us, the case should be remanded for the introduction of further testimony upon the issues raised by plaintiff as the grounds for a review of the judgment.

In Pye v. Southwestern Gas & Electric Company, 147 La. 537, 85 So. 232, 233, a case in which a motion to remand was made upon the ground that, since the rendition of the judgment and after the filing of the transcript in the Supreme Court, the disability for which judgment had been rendered had ceased, the court ordered the remand, saying: "The cessation of the disability for which compensation is to be paid is open to inquiry even after final judgment. A fortiori is it so open before final judgment."

And in Bourgeois v. Union Bridge & Construction Company, 149 La. 669, 90 So. 17, 18, a similar motion to remand was made in the Supreme Court and granted; the court in that case saying: "As this evidence [evidence referred to in affidavits accompanying motion to remand] would have a large influence upon the question of whether the judgment should be reversed or not, we deem it best not to try the case piecemeal, but to remand it at once for the taking of said evidence. A precedent for this remand is found in the case of Pye v. Southwestern Gas & Electric Company, 147 La. 537, 85 So. 232."

But in Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341, 342, a motion to remand made upon similar grounds was refused, and in that case the court said: "To reopen and remand the case now would be the same as to annul the judgment and grant a new trial. Such a proceeding, perhaps in any case coming within the provisions of the statute, would defeat the very object of section 20; for it would deprive the judgments in such cases of all stability or value."

And in Black v. Louisiana Central Lumber Company, 161 La. 889, 109 So. 538, 545, a case which was considered by our Supreme Court, under a writ of review to the Court of Appeal for the Second Circuit, in commenting upon the action of the Court of Appeal in refusing to grant a motion to remand, the court said: "The Court of Appeal, on the authority of Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341, which, in effect, overruled Pye v. Southwestern Gas & Electric Company, 147 La. 537, 85 So. 232, and Bourgeois v. Union Bridge & Construction Company, 149 La. 669, 90 So. 17, overruled the motion to remand the case. We affirm the ruling."

It thus appears that under the present jurisprudence a motion to remand, under the circumstances prevailing here, should not be granted. If there has been any error committed in the judgment now before us on appeal, it can be corrected by us when the matter is submitted on the merits, and, if there be any development subsequent to the rendition of the judgment now before us which, upon proper consideration, would entitle the plaintiff to a modification of the judgment, the lower court to which the petition for a modification has been addressed can make the proper changes in the judgment, and its action would be subject to review by this court if either party is dissatisfied with its conclusions. It might be that, after a hearing on plaintiff's petition for a modification of the judgment, the court would find no sufficient reason to do so, and, in that event, the correctness of the judgment now before us on appeal would be determined upon the record as presently made up and without a consideration of the question which is presented upon the application for a modification of the decree which should properly be considered only when that issue is before the court. In other words, the application for a modification of the judgment is in nature of a new suit expressly permitted by the compensation statute, and is not to be confused with the original suit in which the original demand for compensation was made. We cannot see where the ends of justice would be served by a remand.

For the reasons assigned, the motion to remand is denied and the case ordered restored to the docket, argument to be had upon the merits in due course.

Motion to remand denied; case restored to docket.