In their brief in support of an application for rehearing counsel for plaintiff cite two cases, Daniels v. Shreveport Producing Refining Corporation, 151 La. 800, 92 So. 341, 342, and Reynolds v. Forcum-ames Co., La. App., 158 So. 606 as authority for the view that we cannot remand this case for the introduction of further evidence tending to show what was the true condition of plaintiff when the judgment was rendered in the district court.
There is a vast distinction between evidence tending to show that when the judgment was rendered below the condition of plaintiff was not such as to justify such a judgment and evidence tending to show *Page 71 
that since the judgment was rendered below the condition of the plaintiff has improved or deteriorated.
[1] In the former situation the evidence, if convincing, would show that the judgment when rendered below was incorrect, whereas in the latter situation the evidence would show that, whereas the judgment when rendered below was correct, the condition of the plaintiff has since changed. If the condition has changed since the judgment was rendered then the award may be modified only after the expiration of six months as provided in Section 20 of the statute. Act No. 20 of 1914, § 20, as amended, Act No. 85 of 1926, § 1.
In the Daniels case it was contended "that plaintiff's wage-earning capacity has increased since the trial." In the Reynolds case the motion to remand (made by plaintiff) was based on the statement "that the incapacity of the employee has been subsequently increased." In neither case was it contended, in so far as the motion to remand was concerned, that the judgment when rendered did not reflect the true condition of the plaintiff.
Here it is not contended that the new evidence, the introduction of which is sought, will show that the condition of the plaintiff has changed since the trial below, but it is asserted that it will show that his condition is such that it could not possibly have been as bad as it was contended that it was at the time of the trial. If this is true and yet the defendants must wait six months before they will be permitted to ask for a modification, then for that period they will be required to make payments under a judgment which at the time it was rendered was incorrect.
In a situation in which it is contended that though the judgment when rendered may have been correct, a change in condition has since manifested itself, it is apparent that at least when the judgment was rendered it was correct. If so, then the statute provides that in order to prevent the continual repetition of attempts to modify such a judgment either party must wait at least six months.
Counsel say that the statute provides that even if a judgment is obtained through error, fraud or misrepresentation, it cannot be modified until after the expiration of six months. We think that that portion of the statute refers to a judgment which has become final. It does not mean that when a judgment is under review on appeal an appellate court may not, in its discretion, remand the matter for introduction of such evidence as may show that the judgment should not have been rendered.
A third case on which plaintiffs rely as supporting the contention that we may not remand the case for additional evidence is Black v. Louisiana Cent. Lumber Co., 161 La. 889,109 So. 538. There the Supreme Court merely affirmed the ruling of the Court of. Appeal which had refused to remand that particular case for the introduction of "additional evidence of the plaintiff's ability to work." Whether this evidence was to show a changed condition or what was the true condition at the time the judgment was rendered does not appear. In that case the Supreme Court referred to the Daniels case and said that it, in effect, overruled Pye v. Southwestern Gas Electric Co., 147 La. 537, 85 So. 232, and Bourgeois v. Union Bridge 
Construction Co., 149 La. 669, 90 So. 17. Those two cases, as we read them, held that a remand might be ordered even for the purpose of permitting the introduction of evidence showing a change in the condition of the plaintiff since the rendition of the judgment. In the Pye case the motion to remand was based on the statement "that the incapacity claimed * * * has entirely disappeared". And in the Reynolds case it was contended that twenty-two days after the trial the plaintiff had secured employment.
As we read the statement in the Black case as to the overruling "in effect" of these two cases, we interpret it as meaning that where it is contended that there has been a change in the condition of the plaintiff after the rendition of the judgment but while the matter is pending on appeal, there may not be a remand for the introduction of evidence tending to show such change. Nothing in any of these cases seems to us to prevent an appellate court, in its discretion, from remanding a case in order that there may be introduced evidence *Page 72 
tending to show that the judgment which is on review in the appellate court was incorrect when rendered in the district court.
The application for rehearing is refused.