Louis A. McClung, plaintiff, brought this suit against his former employer, Delta Shipbuilding Company, Inc., and its insurers, the Fidelity and Casualty Insurance Company and American Motorists Insurance Company, defendants, for workmen's compensation in the sum of $20 per week for a period of four hundred weeks, claiming he was totally and permanently disabled as a result of severe injuries sustained by him on February 27, 1945, when he injured his back while working in the hold of a ship at defendant's shipyard.
The defendants filed exceptions of no right and no cause of action and a plea of prescription. The exceptions of no right and no cause of action were overruled and the plea of prescription referred to the merits. Defendants then answered denying that plaintiff had sustained the injuries complained of.
There was judgment below sustaining the plea of prescription as to the defendant *Page 755 
Fidelity and Casualty Insurance Company, and dismissing plaintiff's suit as to this defendant. There was further judgment in favor of the plaintiff and against the Delta Shipbuilding Company, Inc., and American Motorists Insurance Company, in solido, awarding plaintiff compensation at the rate of $20 per week for a period not exceeding four hundred weeks, plus an additional $500 to cover medical expenses incurred and to be incurred, with legal interest from date of maturity of each weekly payment, until paid, and with legal interest on the medical expenses of $500 from date of judicial demand until paid. From this judgment Delta Shipbuilding Company, Inc., and American Motorists Insurance Company prosecuted an appeal to this court. The plaintiff also appealed from that part of the judgment dismissing his suit as to the Fidelity Casualty Insurance Company.
While the suit was pending in this Court the defendants filed a motion to remand the case on the ground of newly discovered evidence regarding the disability of the plaintiff and, on the further ground that the judgment below was obtained by fraud and perjury on the part of the plaintiff. Defendants attached to this motion various still photographs of the plaintiff made from motion pictures taken subsequent to the trial of the case in the lower court. Plaintiff opposed the motion to remand. This court, after a hearing on both the motion to remand and the merits affirmed the judgment of the lower court as to the defendant Fidelity and Casualty Insurance Company and remanded the case to the lower court "for the reception of additional evidence respecting plaintiff's disability". McClung v. Delta Shipbuilding Company, Inc., et al., La. App., 33 So.2d 438, 443, decided January 21, 1948. Plaintiff applied for a rehearing which was refused with written reasons on March 1, 1948, La. App., 34 So.2d 70. Writs of certiorari and review were applied for and refused by the Supreme Court.
When the case was remanded, the lower court heard additional evidence and rendered judgment in favor of the defendants dismissing plaintiff's suit at his cost. Plaintiff prosecuted the present appeal to this Court.
Counsel for plaintiff vigorously contend that the lower court had no authority, jurisdiction, or basis in law, to adjudge at the second hearing of the case that the accident did not occur and that the plaintiff did not suffer a compensable injury as a result of the accident of February 27, 1945, because the lower court in its judgment rendered upon the original trial of the case, held that an accident had occurred as alleged, and that the plaintiff had sustained a compensable injury, and that this court, in our opinion rendered on January 21, 1948, affirmed the findings of the lower court insofar as these two issues are concerned, by stating that the case is remanded to the lower court "in order that further evidence might be adduced respecting the nature, extent and duration of plaintiff's disability sustained in the accident of February 27th, 1945." Briefly counsel contend that the lower court has failed to follow the mandate of this Court and, without any basis in law for its actions, has now held that the accident, which this court says occurred, never did occur.
Counsel for plaintiff presented to this Court a very scholarly brief and made an eloquent argument which was, to say the least, logically consistent and which, of course, produced logical conclusions. They maintain that this court did decide that an accident occurred on February 27, 1945, and that we remanded this case solely for the purpose of permitting the lower court to hear additional evidence as to whether the plaintiff was totally and permanently disabled or, in the alternative, only temporarily disabled and, if temporarily disabled, when that disability ceased to exist.
We are of the opinion that we should not indulge in pure sophistry in order to defend a finding which we inadvertently made in our original opinion. When we remanded this case to the lower court our decree read: "* * * it is now ordered that this cause be remanded to the lower court for the reception of additional evidence respecting plaintiff's disability, in order that the trial court might adjudicate the matter on the basis of the evidence heretofore taken and also upon whatever new evidence might be introduced. * * *". *Page 756 
In the course of the second trial below, evidence was adduced which convinced the district judge that no accident had occurred and consequently there could be no resulting injuries and he, therefore, dismissed the suit. Plaintiff's counsel are correct in their contention that in our original decree we did find that an accident occurred on February 27, 1945, but if we should pursue their argument to its logical conclusion, and close our eyes to the new evidence, because we had already decided that an accident occurred, it would mean that in order for us to preserve and sanctify a mechanical technicality of the law, we would, in fact, be giving legal benediction to a process whereby we would defeat the fundamental reason why we have any procedural system at all — namely to attain the ends of justice. We are of the opinion that whenever the mechanics of our law or the technicalities involved therein work a hardship or, in the final analysis are so designed as to defeat the ultimate ends of justice then, in that event, "the mechanics or technicalities" of the law should be abandoned in order that the ends of justice might, in every instance, be served. This is entirely in conformity with the reasoning which we employed in the recent opinion of Home Services v. Marvin, La. App., 37 So.2d 413, 415, in which we said: "If we were to accept the reasoning of defendant's counsel with respect to 'technicalities' and apply it with all of its implications to this case we would, in effect, be recognizing the validity of the sophistry that prevailed during the regime of 'technicalities' in Louisiana, usually referred to as the Augustan age when, in the heyday of that era, pleadings were deemed to be an end in themselves rather than merely a means to an end. Apparently, a dilemma which systemized legal philosophy must face and solve is a combination of a due regard for the claims of justice and equity with a procedural system rigid enough to be workable. When we favor one system of thought as diametrically opposed to the other, it is usually with the result that, one of two things happens, either all system is abandoned, or the system becomes such a labyrinth of technicalities that the reasoning of the courts is influenced almost entirely by the desire to apply and adhere to its procedural rules and, in the final analysis, only incidentally by the merits of the cases per se."
We have viewed the motion pictures, apparently surreptitiously taken about ninety days after the original trial in the district court, showing plaintiff painting his house while standing upon the top rung of a six or seven foot ladder, poised and balanced on one foot — both arms extended in opposite directions as a ballet dancer — and again, with both feet firmly planted on the top rung of the ladder, he "jack knifed" and dipped the brush in the paint bucket, located on the platform of the ladder, which is six to twelve inches below the top rung of the ladder; mowing his lawn and in other various postures which are entirely incompatible with the theory that he was totally or temporarily disabled to perform "the work of a ship fitter", the employment he was engaged in on February 27, 1945. In our opinion he could not have performed these various feats of dexterity and assumed these unusual postures with the agility of an acrobat if he had ever suffered the injuries which he alleged he received as a result of the accident of February 27, 1945.
Assuming arguendo, however, that the trial judge did exceed the mandate of this court, a view most favorable to the plaintiff, the result so far as the plaintiff is concerned, would be the same for a careful reading of all of the evidence in the record convinces us that, if an accident did occur on February 27, 1945, that the plaintiff did not suffer any compensable injuries as a result thereof, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 757