STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-29

CHERRY COTTON

VERSUS

FIRST FLEET

**********

APPEAL FROM THE
OFFICE OF WORKER'S COMPENSATION, DISTRICT 2,
PARISH OF RAPIDES, NO. 04-08214
HONORABLE JAMES L. BRADDOCK
WORKER'S COMPENSATION JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and J. David Painter, Judges.

**AFFIRMED IN PART; VACATED IN PART; AMENDED IN PART;
RENDERED IN PART; AND REMANDED.**


George A. Flournoy
P.O. Box 1270
Alexandria, LA 71309
Counsel for Plaintiff-Appellee:
    Cherry Cotton

Robert A. Dunkelman
S. Michael Cooper
P.O. Box 1786
Shreveport, LA 71166
Counsel for Defendants-Appellants:
    First Fleet and Travelers Property Casualty Company of America

**Painter, Judge**

Defendants, First Fleet, and its insurer, Travelers Property Casualty Company of America (Travelers), appeal the ruling of the Worker's Compensation Judge (WCJ) awarding Claimant, Cherry Cotton, supplemental earnings benefits, a penalty for discontinuing benefits and, attorney's fees. For the following reasons, we affirm in part, vacate in part, amend in part, and award an additional attorney's fee on appeal.

FACTS

Cherry Cotton and her husband, Clayton Cotton, worked for First Fleet as a long-haul driving team, driving an 18-wheel tractor-trailer rig. On April 1, 2004, Mrs. Cotton was injured while unloading goods they had transported. She reported the injury to her husband and to the dispatcher. The employer apparently paid temporary total disability benefits until August 9, 2004, when it discontinued payments. Mrs. Cotton filed a disputed claim for compensation on November 8, 2004.

At the hearing, First Fleet and Travelers asserted that Mrs. Cotton had a pre-existing back condition which she had concealed from the doctors who treated her for the April 2004 injury. Therefore, they argued that Mrs. Cotton's claim was barred by this fraud pursuant to La.R.S. 23:1208. They further asserted that Mrs. Cotton was released to work by her physician in July 2004.

The WCJ ruled in favor of Mrs. Cotton ordering First Fleet and Travelers to pay SEB, related medical expenses, a penalty in the amount of $4,000.00 for discontinuing the benefits, and an attorney's fee of $6,500.00. The WCJ denied the claim for failure to pay compensation for the first week of disability. First Fleet and Travelers appeal. Claimant has answered the appeal.

1

DISCUSSION

In workers' compensation cases, the factual findings of the trial court are subject to the manifest error standard of review. *Smith v. Louisiana Dep't of Corrections*, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the standard, the appellate court must determine not whether the trier of fact's conclusion was right or wrong, but that it was reasonable. *Freeman*, 630 So.2d at 737-38; *Stobart v. State*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous. *Stobart*, 617 So.2d at 882. Therefore, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

*Lebert v. McNeese State Univ.*, 05-856, p. 4 (La.App. 3 Cir. 2/1/06), 932 So.2d 678, 683 (alteration in original).

*Disability*

Defendants first assert that the WCJ erred in finding that Mrs. Cotton was disabled as the result of her work accident after she had been released to full-duty work by Dr. Shutte.

In a workers' compensation case, the claimant must establish a causal link between the work-related accident and the claimed disability. *Walton v. Normandy Village Homes Ass'n, Inc.*, 475 So.2d 320 (La.1985). To aid the employee in meeting this burden:

[t]he employee's workplace accident is presumed to have caused or aggravated her disability when she proves that: (1) before the accident, she had not manifested disabling symptoms; (2) commencing with the accident, the disabling symptoms appeared; and (3) there is medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and activation of the disabling condition. Once an employee establishes the presumption of a casual relationship, the employer must produce evidence and persuade the trier of fact that it is more probable than not that the injury was not caused by the work accident.

2

> *Tate v. Cabot Corp.*, 01-1652, p. 6 (La.App. 3 Cir. 7/3/02), 824
> So.2d 456, 461, *writ denied*, 02-2150 (La.11/22/02), 829 So.2d 1044
> (quoting *Rideaux v. Franklin Nursing Home*, 95-240, p. 5 (La.App. 3
> Cir. 11/22/95), 664 So.2d 750, 755, *writ denied*, 95-3093 (La.2/16/96),
> 667 So.2d 1058 (citations omitted)).

*Bollich v. Family Dollar, Inc.*, 05-1459, p. 5 (La.App. 3 Cir. 6/21/06), 934 So.2d 249, 252.

In this case, Defendants are asserting that any symptoms suffered by Mrs. Cotton after her release by Dr. Schutte are not causally connected to the accident, but rather to her underlying scoliosis and associated arthritic condition. However, Dr. Schutte's testimony does not clearly support this conclusion. Dr. Schutte stated that, based on Mrs. Cotton's complaints of lumbar pain radiating into her left leg, he diagnosed her condition as a strain/sprain injury. While he testified that she reached maximum medical improvement on June 22, 2004, on cross-examination he admitted that she had not fully recovered from the lumbar strain. On releasing her to work on June 22, 2004, Dr. Schutte gave work restrictions of no more than thirty minutes continuous sitting and no repetitive lifting over twenty-five pounds. He stated that these restrictions were based on her degenerative arthritis associated with scoliosis. He opined that these conditions pre-existed the accident and stated that he would have placed the same restrictions on her prior to the accident. He stated that he would have told her to stop working as a truck driver if she had back pain which recurred every two to three months so as to prevent her from working. However, he admitted that if she was not having problems which prevented her from working, he would not have recommended stopping work as a truck driver.

Mrs. Cotton testified that, although she had been diagnosed with scoliosis as a teenager, it had not prevented her from working as a truck driver for the two and a

half years prior to the accident. Further, the disabling symptoms appeared immediately after the accident.

Dr. Robert Moore first treated Mrs. Cotton's back problems on April 12, 2004, prior to her treatment by Dr. Schutte, then saw her again for back pain from August 2004 through January 2005. Her back pain, while fluctuating in degree, remained the same, including lumbar and left hip pain radiating down the outside of her left leg to her left knee.

Further, Mrs. Cotton was evaluated by Dr. Clark Gunderson, an orthopedic surgeon. After examining her, he opined that she was suffering from a lumbar straining injury superimposed on degenerative disk disease and lumbar scoliosis. He stated that he believed her condition to be related to the on the job injury.

The medical evidence, taken as a whole, indicates a reasonable possibility of causal connection between the accident and the onset of the disabling condition This testimony fulfills the three requirements noted in *Bollich*, 934 So.2d 249. Prior to the accident, Mrs. Cotton had not manifested the disabling symptoms. In fact, it is uncontested that she worked for First Fleet as a truck driver for over two years prior to the accident without manifesting back symptoms.

Accordingly, we find no error in the WCJ's determination that Mrs. Cotton carried her burden of showing a causal connection between her continuing back problems and the on-the-job accident of April 1, 2004.

*Fraud*

Defendants next assert that the WCJ erred in failing to find that Mrs. Cotton willfully made misstatements with regard to her pre-existing back problems in order

4

to obtain workers' compensation benefits, and, as a result, forfeited her right to collect benefits, as set forth in La.R.S. 23:1208.

Under the unambiguous and clear language of the statute, an employer claiming that an employee has violated La.R.S. 23:1208 must prove "that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Constr. Co.*, 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. If the WCJ finds that all three of "these requirements are met, Section 1208 applies and its forfeiture provisions must be enforced." *Id.* at 14.

The determination by a WCJ as to whether a claimant has made a false statement, willfully, for the purpose of obtaining workers' compensation benefits is a finding of fact, and is, therefore, subject to the manifest error standard of review. *Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. However, we must keep in mind that La.R.S. 23:1208(E) is penal in nature. Any statute that is penal in nature must be strictly construed in favor of the one receiving benefits under that chapter of the law. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La.1/14/03), 836 So.2d 14; *Olander v. Schillilaegh's*, 04-725 (La.App. 3 Cir. 3/23/05), 899 So.2d 97.

La.R.S. 23:1208 authorizes forfeiture of benefits upon proof that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. The statute applies to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. All of these requirements must be present before a claimant can be penalized. Because this statute is penal in nature, it must be strictly construed, both in its substantive ambit and in its penalty provisions.

Concerning the standard of appellate review of a forfeiture claim, the court in *Rowan Cos., Inc. v. Powell*, 02-1894, 02-1895, p. 6 (La.App. 1 Cir. 7/2/03), 858 So.2d 676, 680, *writ denied*, 03-2177 (La.11/14/03), 858 So.2d 425 (citations omitted), stated:

The determination of whether there is a false statement or representation willfully made for the purpose of obtaining any benefit or payment involves inherently factual determinations and, thus, this court's review of those findings by the WCJ is governed by the manifest error standard. Under that standard of review, this court may only reverse the WCJ's decision if we find (1) there is no reasonable factual basis for the finding in the record and (2) the finding is clearly wrong or manifestly erroneous.

5

> *Phillips v. Diocese of Lafayette*, 869 So.2d at 316-17, (quoting in part *Flintroy v. Scott Cummins Salvage*, 36,857, p. 12 (La.App. 2 Cir. 3/10/03), 839 So.2d 1231, 1238, *writ denied*, 03-1068 (La.6/6/03), 845 So.2d 1093 (citations omitted) ).

*Jim Walter Homes, Inc. v. Guilbeau*, 05-1473, pp. 5-6 ( La.App. 3 Cir. 6/21/06) 934 So.2d 239, 243-44.

Defendants assert that Mrs. Cotton lied about not having had lower back problems for at least 12 years. In support of this, they point to an injury which Mrs. Cotton sustained while employed by Weiners' Department store in 2001. The record, however, shows that Mrs. Cotton injured her upper back and shoulders at that time. Defendants assert that in her pre-trial deposition, Mrs. Cotton claimed to have had no back problems for twelve years. However, the deposition shows that she was specifically asked about lower back problems. Therefore, nothing in the record indicates that her denial of such problems during the last twelve years was false. They further point to a medical history Mrs. Cotton filled out during a visit to Dr. Morrison for an unrelated problem in which she indicated that she suffered from severe or recurring back problems. The WCJ found this question to be ambiguous, and therefore not to be relied on for purposes of determining whether La.R.S. 23:1208.1 required a forfeiture of benefits. The WCJ cited *Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La. 1/21/98), 707 So.2d 1214, in which the court found that similarly broad questions on an employer's questionnaire did not serve the purposes of the statute and were to be construed against the employer in determining whether the employee failed to give truthful answers with regard to pre-existing medical questions. Although the questionnaire at issue here was not the employer's pre-hire questionnaire, we agree with the WCJ that it is overly broad and cannot be used to require forfeiture of an employee's workers' compensation benefits.

Considering the entirety of the record and Mrs. Cotten's statements with regard to her pre-existing medical problems in context, we find no error in the WCJ's determination that she made no statements or misrepresentations which rise to the level that would require forfeiture of benefits.

*Average Weekly Wage*

Mrs. Cotton asserts that the WCJ erroneously calculated her average weekly wage without an accurate tally of the actual of number of days worked. Mrs. Cotton testified that she was paid on the basis of miles driven. Therefore, La.R.S. 23:1021(12)(d) provides the appropriate method for calculation of her average weekly wage, as follow:

> (12) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as:
>
> . . . .
>
> (d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by the average number of days worked per week.

While Mrs. Cotton's gross wage was in evidence, no evidence was adduced with regard to the number of days worked. Therefore, the WCJ did not have before it sufficient evidence for calculation of the average weekly wage. Accordingly, the WCJ's judgment is vacated insofar as it purports to set out Mrs. Cotton's average weekly wage. This matter is remanded to allow evidence to be adduced with regard

7

to the number of days worked by Mrs. Cotton during the twenty-six weeks preceding the accident, and for a recalculation of her average weekly wage as set out in La.R.S. 23:1021(12)(d).

*SEB Judgment*

Defendants also assert that the WCJ erred in signing a judgment which was impermissibly vague in that it did not state the amount of the recovery with certainty.

The portion of the judgment complained of reads as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff is entitled to supplemental earnings benefits, beginning April 1, 2004, and continuing in accord with LSA R.S. 23:1221(3), together with legal interest from due date, subject to a credit for all indemnity benefits previously paid.

Ordinarily, this language would be sufficient to allow calculation of SEB and would not result in an improperly vague judgment. However, in this case, having found that the calculation of the average weekly wage was improperly made, there is not sufficient evidence of record to allow calculation of the appropriate amount of SEBs.

SEBs are calculated by taking:

> sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment . . . . Average monthly wages shall be computed by multiplying his "wages" by fifty-two and then dividing the quotient by twelve.

La.R.S. 12:1221(3)(a).

Wages in this case, as has been stated above, must be calculated by dividing the employees' gross earnings for the twenty-six week period prior to the injury by the actual number of days worked in the twenty-six week period prior to the injury. *See* La.R.S. 12:1021(12)(d). Since we do not know the number of days Mrs. Cotton

8

worked in that period, "wages" cannot be calculated. If "wages" cannot be calculated, the average monthly wage cannot be calculated, and thus, SEBs cannot be calculated. Therefore, the judgment rendered herein is vague in that it is not possible to determine the amount of supplemental earnings benefits payable. Therefore, we remand this matter so that evidence may be adduced which will allow calculation of Mrs. Cotton's appropriate SEB rate.

*Medical Expenses*

Defendants further assert that the following language in the WCJ's judgment is an improper award of future medical benefits:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant is responsible for all reasonable and necessary medical treatment of plaintiff's accidental work-related injuries of her back sustained on April 01, 2004.

Defendants cite *Prevost v. Jobbers Oil Transport Co.*, 95-224 (La.App. 1 Cir. 10/6/95), 665 So.2d 400, *writ denied*, 96-440 (La. 4/8/96), 671 So.2d 336, in support of the argument that a WCJ may not make an award of future medical benefits. This court discussed that issue, as well as the holding of *Prevost*, in *Stelly v. Health South Rehabilitation*, 03-171, pp. 13-14 (La.App. 3 Cir. 7/2/03), 854 So.2d 960, 968:

> They also contend its award of "all related medical expenses during plaintiff's disability" amounts to an improper award of future medical expenses. . . . .
>
> . . . .
>
> Under La.R.S. 23:1203(A), an employer is obligated to furnish an employee who has a compensable claim "all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal." As we explained in *Jacquet v. Southern Structures, Inc.*, 97-1696, p. 8 (La.App. 3 Cir. 5/20/98), 713 So.2d 723, 728 (emphasis added), "An award of compensation benefits for future medical expenses is separate and distinct from an award of disability benefits. An injured employee's entitlement to benefits for medical expenses exists *even if he returns to*

*work*, provided he needs further medical treatment for the work-related injury." Thus, the judgment incorrectly awards medical expenses "during plaintiff's disability," as the right to those benefits may extend beyond the period of disability. Although future medical expenses were awarded in *Jacquet*, the court in *Prevost v. Jobbers Oil Transport Co.*, 95-224, p. 5 (La.App. 1 Cir. 10/6/95), 665 So.2d 400, 404, *writ denied*, 96-440 (La.4/8/96), 671 So.2d 336, recognized that such an award is *unnecessary* because "the right to claim such expenses is always reserved to the plaintiff." Accordingly, we affirm the judgment insofar as it recognizes the right to receive surgery and other related medical expenses, but we amend it to delete the phrase "during plaintiff's disability" in conformity with La.R.S. 23:1203(A).

Since the judgment in this case merely recognizes the right to claim medical expenses which is reserved to a claimant by law, we affirm the judgment of the WCJ.

Defendant further asserts that the judge erred in failing to specify what is owed for past medical treatment. We agree. The judgment is vague in that it does not delineate which medical expenses are payable. "An employee establishes a claim for medical benefits by proving by a preponderance of the evidence and to a reasonable certainty, the need for such treatment following his work-related accident. *Ware v. Allen Parish Sch. Bd.*, 02-1011 (La.App. 3 Cir. 5/21/03), 854 So.2d 374." *Funderburk v. Nabors Drilling USA, Inc.*, 05-1119, p. 7 (La.App. 3 Cir. 4/26/06), 930 So.2d 1058, writ denied, 06-1252 (La. 9/15/06), 936 So.2d 1275. Therefore, Mrs. Cotton is entitled to payment only for past medical expenses that she proved at trial were owed her. After reviewing the record, we conclude that Mrs. Cotton established by providing copies of the medical bills that she is entitled to be paid for those medical services rising out to her work-related accidents and provided by Rapides Regional Medical Center, Dr. Clark Gunderson, Central Louisiana Rehab Specialists, and Professional Pharmacy .

*Benefits for April 5 through April 11, 2004*

In her answer to the appeal, Mrs. Cotton argues that the WCJ erred in failing to award benefits the week of April 5 through April 11, 2004.

It was stipulated at trial that a work related injury occurred on April 1, 2004. Mrs. Cotton admits that she was paid for the three days after the injury while her husband drove her home from California. She asserts, however, that First Fleet did not begin paying benefits until April 12, 2004 and that payment should have begun on April 5, 2004. The trial judge apparently refused this payment based his previous grant of an exception of vagueness. However, our review of the judgment on the exception convinces us that it did not apply to the claim for "non-payment of indemnity benefits" under which category this claim falls. Therefore, the evidence of record shows that benefits were due for the week of April 5 through April 11, 2004, and that they were not paid. Accordingly, we amend the judgment of the WCJ to require payment of benefits for that period together with legal interest from the due date.

Plaintiff further asks that a penalty be awarded for the non-payment of benefits for that period. We agree that a penalty is due under the provisions of La.R.S. 23:1201. Therefore, we assess Defendants with a penalty in the amount of $1,000.00for failure to pay the benefits due for the week of April 5 through April 11, 2004.

*Penalties and Attorney's Fees*

Defendants argue that the WCJ erred in assessing it with penalties for improper discontinuance of benefits.

> [P]enalties should be imposed only when there is no good faith or just cause on the part of the employer and his refusal to pay the benefits. A workers' compensation judge's decision to award attorney fees and penalties is subject to the manifest error standard of review. Bolton [v.

Mike Fleming Construction, 36,521 (La.App. 2 Cir. 12/11/02),] 833 So.2d 1177.

*Lebert* , 932 So.2d at 687.

They argue that, as a matter of law, their decision to rely on a treating physician's release to work cannot be arbitrary or capricious and that they "made a legitimate decision concerning termination of benefits and stood steadfastly by it. First Fleet was entitled to take a serious issue to trial without being penalized for it." However, Defendants were not entitled "blindly rely" on that initial report, but had "a continuing duty to investigate when [they] received the subsequent medical information." *Bradley v. ConAgra Poultry Co.*, 03-23, p. 9 (La.App. 3 Cir. 4/30/03), 843 So.2d 1255, 1261. As noted by the WCJ in his reasons for judgment: "The employer here received the records from Dr. Gunderson, Dr. Moore and Dr. Nelson. They apparently ignored those records. They didn't send her back to Dr. Schutte. They knew that Dr. Schutte had her under limitations. He never gave her a full release . . . ." Given the evidence of Mrs. Cotton's continuing medical problems arising from the accident, and Defendants' failure to investigate, we find no error in the WCJ's determination that the termination of benefits was arbitrary and capricious. The award of penalties and attorney's fees is affirmed.

*Attorney's Fees on Appeal*

Taking into consideration the particular circumstances of this case, the lower court's award of attorney fees in the amount $6,500.00, and recent awards by this court, we find $2,500.00 to be a reasonable award for work done pursuant to this appeal. *See Williams v. A-Jax Lumber Co.*, 05-935 (La.App. 3 Cir. 5/10/06), 930 So.2d 300, *writs denied*, 06-1486 (La. 9/29/06), 937 So.2d 865 and 06-1498 (La. 9/29/06), 937 So.2d 866.

CONCLUSION

Accordingly, we affirm the WCJ's determination that Mrs. Cotton carried her burden of showing a causal connection between her ongoing back problems after June 22, 2004, and the on-the-job accident of April 1, 2003. We further affirm the WCJ's rejection of Defendants' "fraud" defense. However, we vacate the WCJ's determination of the average weekly wage and remand for a determination of the number of days actually worked by Mrs. Cotton during the twenty-six weeks prior to the April 1, 2004 accident so as to allow an appropriate calculation both of average weekly wage and the proper SEB payment owed. We affirm the WCJ's judgment in so far as it states that Defendants are responsible for all reasonable and necessary medical treatment related to injuries sustained in the April 1, 2004 accident. We further order payment of benefits owed for the week of April 5, 2004 through April 11, 2004 plus interest from the due date of those benefits as well as a penalty in the amount of $1,000.00. Additionally, we affirm the WCJ's award of a penalties and attorney's fees for improper discontinuance of benefits. Finally, we award an additional attorney's fee of $2,500.00 for work done on appeal.

**AFFIRMED IN PART; VACATED IN PART; AMENDED IN PART; RENDERED IN PART; AND REMANDED.**