# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1363


**CHERRY D. COTTON**

**VERSUS**

**FIRST FLEET**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 04-08214
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**


George A. Flournoy
Flournoy & Doggett (APLC)
P. O. Box 1270
Alexandria, LA 71309-1270
Telephone: (318) 487-9858
COUNSEL FOR:
    Plaintiff /Appellant - Cherry D. Cotton


Robert A. Dunkelman
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.
P. O. Box 1786
Shreveport, LA 71166-1786
Telephone: (318) 221-1800
COUNSEL FOR:
    Defendant/Appellee - First Fleet

**THIBODEAUX, Chief Judge.**

Plaintiff-appellant, Cherry D. Cotten, asserts that the Office of Workers' Compensation (OWC) erred by failing to include the value of certain fringe benefits in the calculation of Cotten's average weekly wage (AWW) to determine Cotten's indemnity benefits. The OWC agreed with the defendant First Fleet's position that this court's previous remand for recalculation of the AWW was limited to establishing the number of days Cotten worked during the twenty-six weeks preceding her injury. We reverse because we vacated the OWC's judgment with respect to AWW and remanded for an appropriate calculation of the AWW, and because we find that the interest of justice requires us to do so.

## I.

## ISSUE

We shall consider whether the OWC should have included the value of Cotten's vacation pay and health insurance benefits in the calculation of Cotten's AWW, where this court vacated the OWC's previous determination of Cotten's AWW because the OWC erroneously failed to establish the number of days Cotten worked during the twenty-six weeks preceding the accident, where this court did not mention fringe benefits in its opinion, though Cotten appealed on this ground, and where we remanded for an appropriate calculation of AWW.

## II.

## FACTS

After a trial, the OWC determined that Cotten sustained an injury while in the employ of First Fleet. *See Cotton*[1] *v. First Fleet*, 07-29 (La.App. 3 Cir. 5/2/07), 957 So.2d 229, *writs denied,* 07-1488, 07-1543 (La. 10/5/07), 964 So.2d 947, 948.

---

[1] There was a typographical error in the spelling of Cotten's name.

Relying on First Fleet's pre-trial statement that an agreement as to the AWW could probably be reached, Cotten's counsel failed to introduce evidence of the fringe benefits Cotten received. Thus, the OWC determined the amount of Cotten's worker's compensation benefits without considering the value of the fringe benefits. Cotten requested a new trial on the AWW issue, but the workers' compensation judge (WCJ) denied the motion.

Because Cotten was paid on the basis of miles driven, the OWC improperly determined Cotten's AWW by not applying La.R.S. 23:1021(12)(d).[2] *Cotton*, 957 So.2d 229. Therefore, this court vacated the OWC's determination of the AWW and remanded the case for proper calculation:

> [T]he WCJ's judgment is vacated insofar as it purports to set out Mrs. Cotton's average weekly wage. This matter is remanded to allow evidence to be adduced with regard to the number of days worked by Mrs. Cotton during the twenty-six weeks preceding the accident, and for a recalculation of her average weekly wage as set out in La.R.S. 23:1021(12)(d).
>
> . . . .

---

[2]The statute provides, in pertinent part:

> "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as:
>
> . . . .
>
> Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by the average number of days worked per week.

La.R.S. 23:1021(12)(d).

> [W]e vacate the WCJ's determination of the average weekly wage and remand for a determination of the number of days actually worked by Mrs. Cotton during the twenty-six weeks prior to the April 1, 2004 accident so as to allow an appropriate calculation both of average weekly wage and the proper SEB [supplemental earnings benefits] payment owed.

*Id.* at 239.

At the hearing, the OWC again refused to allow the evidence of the fringe benefits and limited its inquiry to the number of days Cotten worked during the twenty-six weeks preceding the accident. This appeal followed.

III.

## STANDARD OF REVIEW

This case involves interpretation of our previous decision in this case, construction of our rules of civil procedure and rules of appellate courts, as well as determination of proper methodology to establish AWW, all of which are questions of law that we review de novo. *See Ewing v. Armstrong World Indus., Inc.,* 02-918 (La.App. 3 Cir. 2/19/03), 846 So.2d 813, *writ denied,* 03-738 (La. 2/13/04) 867 So.2d 699.

IV.

## LAW AND DISCUSSION

First Fleet argues that because this court specifically mentioned La.R.S. 23:1021(12)(d) and not La.R.S. 23:1021(12)(f)—the statute that requires consideration of fringe benefits in calculation of AWW—the remand was limited to taking evidence of the number of days Cotten worked during the twenty-six weeks preceding the accident. In support, First Fleet cites a long-established rule that

> When an appellate court renders a final judgment on the merits of a case, disposing of all of the issues tendered, and

3

> remands the case to the trial court for the purpose merely of having a certain calculation made, or of having certain specified facts ascertained, and with instructions to the trial court to render judgment according to the opinion rendered by the appellate court, the merits of the case are not subject to review or reconsideration by means of another appeal.

*Stassi v. Gureasko*, 120 So.2d 489, 491 (La.1960). Thus, First Fleet asserts, the OWC committed no error by relying on this rule and not considering Cotten's fringe benefits.

First Fleet further stresses that Cotten presented the same arguments in its first appeal to this court, i.e., that the determination of AWW was improper not only because the evidence of the number of days worked was not taken, but also because the fringe benefits were not included in the calculation of the AWW. Therefore, First Fleet argues, because this court did not specifically mention the issue of fringe benefits, that relief was denied to Cotten.

Yet, this argument proves too much. The rule First Fleet cites states that the trial court's determination is not subject to the second review when the appellate court rendered a final judgment "disposing of *all* of the issues tendered." *Id.* (emphasis added). Cotten requested in the first appeal that the value of her fringe benefits be added to the calculation of her AWW. She, thereby, tendered the issue. This court, as First Fleet correctly pointed out, did not mention this issue in its remand and, therefore, did not dispose of it.

First Fleet strenuously argued that this court, in fact, disposed of this issue because "when a Court's Judgment is silent as to relief sought, that relief sought is denied." This articulation of the well-established rule is not exactly accurate. This rule applies only when an appellate court interprets a judgment of the trial court. Thus, the more precise expression of the rule is: "all of the issues *presented by the pleadings* upon which evidence has been offered will be considered as having been

4

disposed of by final judgment in the cause, and any demand passed over in silence will be considered as having been rejected by the *trial court*." *Maricle v. Casablanca Converters, Inc.*, 546 So.2d 275, 277 (La.App. 3 Cir. 1989) (citations omitted) (emphasis added). Thus, where the *appellate* court does not address an issue a party presents for review, it does not mean that the appellate court rejected the argument or denied the relief sought. It means simply that the appellate court, for whatever reason, refused or failed to address the issue or has found it unnecessary to review the issue.

Because there is no presumption that the appellate court rejected or denied the relief sought, the supreme court often does not simply reinstate the trial court's judgment where the appellate court erred as to one of the issues submitted for its review, reversed based on that error, and did not consider other issues submitted to it. *See Logan v. La. Dock Co., Inc.*, 541 So.2d 182 (La.1989). Instead, in these circumstances, "it is usually the better practice for . . . [the supreme] court to remand the case to the court of appeal for such review." *Id.* at 193 (citations omitted). Accordingly, we shall examine whether the OWC should have included the value of Cotten's fringe benefits when it determined her AWW.

This court vacated the entire judgment pertaining to the AWW. Thus, the OWC had to start anew and determine Cotten's AWW based on law. Louisiana Revised Statutes 23:1021(12)(f) requires that

> any amount withheld by the employer to fund any nontaxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings *shall be included* in the calculation of the employee's wage and average weekly wage including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer.

5

(emphasis added). Therefore, when this court vacated the OWC's judgment, the OWC should have re-determined Cotten's AWW and included the value of the fringe benefits.

Although this court remanded the case based on specific reasoning, it vacated the *entire* judgment as to AWW. As explained above, there is no presumption that the appellate court denied relief sought if the judgment of the appellate court is silent as to additional relief that is requested, e.g., fringe benefits. Moreover, this court was not silent on the relief—it vacated the judgment and the remedy was the remand for a proper calculation of the AWW. Just because this court was silent on an alternative reason for vacating the judgment and remanding, i.e., the exclusion of fringe benefits from the calculation of AWW, it does not mean that the OWC can fix the AWW contrary to the established, specific, and well-settled rules of law.

Even if we accept, arguendo, First Fleet's arguments, La.Code Civ.P. art. 2164 states that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." "The purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." La.Code Civ.P. art. 2164 cmt. a (1960). Similarly, this court is empowered to review issues not submitted to the trial court for consideration if the interest of justice clearly so requires. Uniform Rules—Courts of Appeal, Rule 1–3.

It is also a well-settled rule that

> whenever the mechanics of our law or the technicalities involved therein work a hardship or, in the final analysis are so designed as to defeat the ultimate ends of justice then, in that event, 'the mechanics or technicalities' of the law should be abandoned in order that the ends of justice might, in every instance, be served.

6

*McClung v. Delta Shipbuilding Co.*, 39 So.2d 754, 756 (La.App. Orleans 1949).

Even though the language of our previous opinion in this case could be viewed as overly restrictive, we are of the opinion that here, in addition to the reasons already articulated above, the interest of justice clearly requires inclusion of Cotten's fringe benefits' value into the calculation of her AWW. First, the inclusion of fringe benefits into the calculation of AWW is a very well and long established rule, dictated by an explicit mandate of La.R.S. 23:1021(12)(f) and decades of our jurisprudence. *See e.g. Sterling v. Asplundh Tree Expert Co.,* 03-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125, *writ denied,* 03-3017 (La. 1/30/04), 865 So.2d 79; *Batiste v. Capitol Home Health*, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395; *Morgan v. Equitable Gen. Ins. Co.*, 383 So.2d 1067 (La.App. 3 Cir. 1980); *Ardoin v. S. Farm Bureau Cas. Ins. Co.*, 134 So.2d 323 (La.App. 3 Cir. 1961); *Richmond v. Weiss & Goldring, Inc.*, 124 So.2d 601 (La.App. 3 Cir. 1960). Second, although Cotten argued for the inclusion of the fringe benefits in her previous appeal, we did not consider that argument and remanded for recalculation of the AWW on other grounds instead. Under these circumstances, the technicality of the somewhat limiting language in our previous opinion should give way to the ends of justice.

This court vacated the judgment of the OWC and remanded for "an appropriate calculation both of average weekly wage and the proper SEB payment owed." *Cotten,* 957 So.2d at 239. The appropriate calculation of the AWW includes the value of fringe benefits, as mandated by our statutes and jurisprudence. Though this court found it unnecessary to include the alternative grounds—fringe benefits—for finding judgment of the OWC erroneous, it is not the reason to deny Cotten the benefits that she is so obviously entitled to. Therefore, this is precisely a case where the interest of justice requires us to remand this case to the OWC so that

7

the WCJ makes an accurate determination of Cotten's AWW according to the mandates of our law.

## V.

## <u>CONCLUSION</u>

The OWC's judgment not to consider the value of Cotten's vacation pay and health insurance benefits is reversed. We remand to the OWC for a proper and accurate determination of Cotten's AWW based on *all* relevant factors. Costs of this appeal are assessed to First Fleet.

**REVERSED AND REMANDED.**